**In re the Matter of Werner KRATTIGER and Dorothy Krattiger, Debtors.**

**Bankruptcy No. 85–C–410–S.**

United States District Court, W.D. Wisconsin.

June 25, 1985.

Roger Merry, Monroe, Wis., for debtors.

Stephen Beilke, Kuemmel & Beilke, S.C., Madison, Wis., for Thorp Finance.

Irwin L. Kass, Madison, Wis., for Bank of Mt. Horeb.

Tim Valentyn, Murphy & Stolper, S.C., Madison, Wis., for Beverly Kucker.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

This is an appeal by the debtors Werner Krattiger and Dorothy Krattiger from the order of the United States Bankruptcy Court for the Western District of Wisconsin, the Hon. Robert D. Martin, Bankruptcy Judge, presiding, dated April 25, 1985, dismissing their debtors' proceedings filed under Chapter 11.

The summation of events provided by counsel for creditor-appellee Beverly Beecraft Kucker is concise, apparently undisputed, and appropriately adopted by the Court.

On May 23, 1984, the debtors Werner Krattiger and Dorothy Krattiger filed their Chapter 13 petition, which was converted to Chapter 11 on August 21, 1984, with a plan filed on September 11, 1984.

On January 4, 1984, a motion was filed to dismiss for the failure to file plan documents in timely fashion. At the February 1, 1985 hearing on this motion to dismiss, an order was entered by Judge Martin, as follows:

> I'm going to hold this motion to dismiss in abeyance to be denied if a disclosure statement is filed within seven days of today, scheduled for hearing within 35 days of today, properly noticed, and if financial statements for the period of this plan on intervals of not less than 90 days are filed within 10 days and with financial statements hereinafter to be filed monthly.

Judge Martin at the hearing also stated, in explanation of the above order, as follows:

> It's my intention, Mr. Merry, in case it wasn't clear, to have this case moved toward confirmation or determination on confirmation and of the plan, and to move in that direction rapidly. It's been pending for some considerable time.... So I want this thing to move along. I will hold the motion open so it can be granted upon reapplication without further notice.

Between February 2 and February 18, 1985, the disclosure statement was filed and hearing scheduled. The financial statements were not filed in accordance with the order of Judge Martin by February 11, 1985. On February 19, 1985, the creditor Thorp moved to dismiss for noncompliance.

On February 22, 1985 the financial statements were filed, and on February 26, 1985 the case was dismissed by Judge Martin for failure of debtors to timely file financial statements as directed by the Court in its order of February 1, 1985.

On February 28, 1985 the present petition was filed by the debtors under Chapter 11, which petition was dismissed by Judge Martin pursuant to 11 U.S.C. § 109(f) on April 25, 1985.

It is from this order that the debtors appeal.

A hearing on the motion to dismiss was held before the Bankruptcy Court on April 23, 1985. A transcript of that hearing reveals the following statements attributed to debtors' counsel:

> The financial statement, the quarterly financial statement, was not filed timely. That was filed approximately February 22. It was a few days late there. It's my opinion in interpretation of Section 109(f) that before there is willful failure to abide by a Court's order there has to be more than being a few days late on some non-prejudicial matters.
>
> ... [T]here was a technical noncompliance or lapse of a few days on some of the matters ... I guess I don't see where they're prejudiced. I don't see grounds to conclude here that there was a willful failure to follow any of the Court's orders. There is simply a lot of disputes as to what the Court ordered and whether or not there was substantial compliance. I don't think that at best a technical noncompliance on a few of the issues makes a difference to anybody, and should not be grounds to dismiss this case.

In granting the motion of creditors to dismiss debtors' proceedings, Judge Martin stated in part as follows:

> I think the only serious question in this motion is what the import of the word "willful" is in the context of 109(f). There is no dispute, I gather, that there was a failure to comply with the Court's order and the only question is whether that was willful.

> There has been no excuse submitted for the noncompliance although there has been the argument that it was not a significant period of time. I'm satisfied that the ability to comply was within the Debtors or the Debtors had the ability to comply with the order. That the failure to comply, therefore, must presume to have been one done through a choice not to comply. That choice may have been to not make the effort necessary to comply, but I'm not satisfied that there is anything to suggest that the Debtor was prevented from complying.

> I believe 109(f) was intended precisely to prevent the refiling and reimposition of stays and controls under Chapter 11 of the United States Code where the performance of the debtor prior to that time was inconsistent in any way or any significant way with the Code. I entered my order on February 1st I believe it was with a rather pointed statement to the effect that the case had not been moving along and that it should be moved. The importance, therefore, of the motion to dismiss or the requirement of timeliness was really central to the background for that order being made. The failure, therefore, to be timely was one which cannot be viewed lightly but was rather central to the whole procedure.

> I will in light of that determine in the absence of any contention that there was impediment to compliance with the order, and deem the failure to comply to be willful and grant the motion to dismiss.

### MEMORANDUM

11 U.S.C. § 109(f) states as follows:

Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.

An extensive examination of this section may be found by Bankruptcy Judge C.

Albert Parenti *In re Ellis*, 48 B.R. 178 (Bkrtcy.N.Y.1985):

It is designed to control abusive repetitive filings. *See* Statement of Senator Dole in 130 Cong.Rec. S.8894 (daily ed. June 29, 1984). In relevant part, the section provides that "no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if ... the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case...."

The Code does not define "willful" but it is reasonable to assume that Congress intended that the term would have its usual legal meaning. Willful is generally used to describe conduct which is intentional, knowing and voluntary, as opposed to conduct which is accidental or beyond the person's control. A willful failure to do a required act necessitates a showing that the person, with notice of their responsibility, intentionally disregarded it or demonstrated "plain indifference." (Citations omitted)

The debtors appear to argue that their failure to file the financial statements was because of a misunderstanding of Judge Martin's order, represented only a technical noncompliance and was not prejudicial to the creditors.

None of these arguments is either acceptable to this Court or as a matter of law can support debtors' theory that compliance was not willful.

First of all, it is incomprehensible that anyone could misunderstand the printed order of the Bankruptcy Judge which was issued on February 1, 1985. "Ten days thereafter" is surely February 11, 1985. There is no other interpretation of that direct order, and to so argue is frivolous.

The failure to file the financial statements by February 11, 1985 is but one in a series of delays effectuated by the debtors. The transcript reveals that other delays and failures to comply with a previous order of the Bankruptcy Court occurred early in the debtors' proceedings. The Court could very well have dismissed the petition on February 1, 1985, but exercised its discretion and gave debtors another delay. The debtors, for no apparent legitimate reason, failed to meet the condition of that delay. If indeed this were the only delay on the part of debtors, this Court could perhaps understand their cries of anguish. This action appears to be the last in a series of willful acts perpetrated by the debtors in their attempts to delay the proceedings in which they were involved, to the prejudice of the creditors.

This Court concludes that it was within the discretion of the Bankruptcy Judge to determine that the debtors' failure to file the financial statement by February 11, 1985 was willful, particularly as defined in *Ellis.*

Accordingly,

## ORDER

IT IS ORDERED that the order of the Bankruptcy Court dated April 25, 1985, dismissing debtors' proceedings pursuant to 11 U.S.C. § 109(f) is AFFIRMED, with costs.