**In re Raymond CORREA, Debtor.**

**Bankruptcy No. 85 B 11403.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Feb. 25, 1986.

Kevin M. Brill, Chicago, Ill., for debtor.

Paul T. Fox, Denise A. DeLaurent, of Holleb & Coff, Chicago, Ill., for Lawndale.

## MEMORANDUM AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

This matter comes before the Court on the motion of Lawndale Trust and Savings Bank ("Lawndale") to dismiss the debtor's Chapter 13 petition or in the alternative to vacate the automatic stay. Lawndale also seeks costs and attorneys' fees pursuant to Federal Rule of Civil Procedure 11 and Bankruptcy Rule 9011.

Lawndale's motion is premised on the fact that this is the debtor's second Chapter 13 case within the last six months. The first case was dismissed on August 1, 1985, on the grounds that the debtor failed to attend scheduled creditors' meetings and otherwise prosecute his case towards plan confirmation and payment. Lawndale contends the debtor's activities in the first case amounted to a willful failure to obey orders and to prosecute his case and that the debtor is therefore barred from filing the current case by § 109(f)(1) of the Bankruptcy Code. The debtor has raised the rather novel defense that he was addicted to cocaine and was under the influence of the drug virtually throughout the first case and that therefore his actions (or inactions) in that case were not "willful" for purposes of § 109(f).

Lawndale became involved in both bankruptcy cases by virtue of its perfected security interest in the debtor's condominium apartment. In September of 1984, the debtor had defaulted on his obligations to Lawndale. Lawndale initiated foreclosure proceedings against the condominium in the Illinois state courts and obtained a foreclosure judgment. A sheriff's sale of the apartment was scheduled for March 28, 1985. On March 25, 1985, the debtor filed his first Chapter 13 petition (case no. 85 B 3799). The trustee set the meeting of creditors, pursuant to 11 U.S.C. § 341 ("341 meeting"), for April 30, 1985, but the debtor failed to appear. The trustee rescheduled the 341 meeting for May 28, at which time the debtor appeared but failed to bring books, records, and financial information required for an intelligent inquiry into the debtor's financial affairs. The trustee continued the meeting to July 25 but the debtor again failed to appear. The debtor did appear in court later on July 25. The Court admonished him to appear at a creditors meeting on August 1 and produce all records required or his case would be dismissed. On August 1, the debtor failed to appear at the 341 meeting despite the Court's order that he appear at that meeting. The debtor appeared in court later on August 1 and his case was dismissed. The debtor filed the pending Chapter 13 case on September 3, 1985, 33 days after the dismissal of his prior case and one day before

the sheriff's sale which Lawndale had rescheduled after dismissal of that case.[1]

In response to Lawndale's motion to dismiss pursuant to § 109(f)(1), the debtor offers numerous excuses for his conduct during the first case. His main excuse, however, remains that he was a continuous cocaine user during the pendency of that case. He claims that his cocaine addiction caused disorientation and prolonged periods of sleep, and rendered him unable to tend to his affairs as would a normal person. He says he is now a changed person. In September of 1985, during the pendency of this case, he checked into Olympia Fields Osteopathic Medical Center and participated in a 21-day drug rehabilitation program.[2] The debtor claims he is no longer addicted to cocaine as a result of this treatment.

Section 109(f)(1) provides in pertinent part that no individual may be a debtor under the Bankruptcy Code if in the preceding 180 days he or she had been a debtor in a bankruptcy case and that case was dismissed by the court for "willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." In adding § 109(f) to the Bankruptcy Code in 1984, Congress sought to deal with the problem of abusive repetitive filings. 130 Cong. Rec. S8894 (daily ed. June 29, 1984) (statement of Sen. Hatch). Congress clearly intended to deprive an individual debtor who filed a case and had it dismissed involuntarily for willful failure to appear at a creditors meeting or to follow court orders or to otherwise properly prosecute the case from seeking bankruptcy relief within 180 days after dismissal. *Id.* The debtor's filing of this second Chapter 13 petition 33 days after the involuntary dismissal of his first case for failure to attend the 341 meetings falls squarely within the proscription of § 109(f)(1). However, because the record of dismissal of the first case contains no finding that the dismissal was for willful acts, the debtor raises the issue of whether his activity in the first case was "willful" within the meaning of § 109(f)(1). He points to his cocaine addiction during the case as evidence that he did not and could not act willfully at that time.

■ The Bankruptcy Code does not define the term "willful." Nevertheless, the term is not hard to define. For purposes of § 523(a)(6), which excepts from discharge any "willful and malicious injury" inflicted by the debtor, courts have defined the term "willful" as meaning "deliberate and intentional." *See, e.g., In re Adams,* 761 F.2d 1422, 1427 (9th Cir.1985). There is no reason why this approach should not be equally applicable to the term "willful" as used in § 109(f)(1). *In re Fulton,* 52 B.R. 627, 634 (Bankr.D.Utah 1985); *In re Nelkovski,* 46 B.R. 542, 544 (Bankr.N.D.Ill. 1985). Thus, a debtor's conduct is willful within the meaning of § 109(f)(1) when it is "intentional, knowing and voluntary, as opposed to conduct which is accidental or beyond the person's control.... A willful failure to do a required act necessitates a showing that the person, with notice of their responsibility, intentionally disregarded it or demonstrated 'plain indifference.' " *In re Ellis,* 48 B.R. 178, 179 (Bankr.E.D.N. Y.1985) (citations omitted).

■ There is no persuasive statement or evidence in the record to support a finding that the debtor acted involuntarily, or that his cocaine addiction and the other excuses he offered confronted him with circumstances beyond his control. The debtor's drug addiction was a plight that resulted

---

1. The debtor did file schedules in the first case. However, those schedules were seriously misleading. For example, the debtor failed to list Civic Savings and Loan Association as a creditor and neglected to disclose that Civic had commenced foreclosure proceedings on his sole source of income, the real property housing the clothing business owned by the debtor and his brother.

2. Dr. Michael Rogers Olden, Chief of Staff at Olympia Fields Osteopathic Medical Center, testified at an evidentiary hearing held by this Court on November 13, 1985. The debtor and his brother, Homer Correa, also testified about the debtor's mental and physical condition during the pendency of both bankruptcy cases.

from his volitional conduct and, as evidenced by his subsequent rehabilitation, was entirely within his control. Substance abuse, in the Court's opinion, is indistinguishable from driving under the influence of alcohol, which some courts have found to be "willful and malicious" conduct for the purposes of § 523(a)(6). *In re Adams*, 761 F.2d 1422, 1426 (9th Cir.1985); *In re Ray*, 51 B.R. 236, 240 (BAP-9 1985); *Matter of Gibbs*, 53 B.R. 503, 505 (Bankr.S.D. Ohio 1984); *but cf. In re Compos*, 768 F.2d 1155, 1159 (10th Cir.1985); *Cassidy v. Minihan*, 52 B.R. 947, 950–51 (W.D.Mo.1985); *In re Gonzales*, 52 B.R. 711, 715 (Bankr.E. D.Wis.1985); *Matter of Hostetler*, 44 B.R. 886, 888 (Bankr.M.D.Fla.1984). In *Adams*, the Ninth Circuit held that "the voluntary acts of drinking and driving while intoxicated constitute conduct sufficiently intentional to support a finding of willfulness and malice as contemplated in § 523(a)(6)." 761 F.2d at 1427. The same logic applies to voluntary drug addiction that causes a debtor to fail to abide by court orders. In any case, "the court will construe repeated failure to appear or lack of diligence as willful conduct." *In re Nelkovski*, 46 B.R. 542, 544 (Bankr.N.D.Ill.1985).

The debtor failed to attend three creditors meetings, including one the Court directed him to attend, failed to produce financial information, and failed to disclose a foreclosure proceeding during the course of the first case. His habitual use of cocaine during that proceeding was voluntary and intentional and provides no justification for his conduct. This Court concludes the debtor's failure to attend creditors meetings during his first case constituted a "willful failure of the debtor to abide by orders of the court." 11 U.S.C. § 109(f)(1). Therefore, he was ineligible to be a debtor under the Bankruptcy Code when this case was filed on September 3, 1985. Lawndale's motion to dismiss is granted and this case is dismissed.

The motion for Rule 11 sanctions against the debtor's attorney for filing the second Chapter 13 petition presents a somewhat more difficult problem. Section 109(f) is a relatively recent addition to the Bankruptcy Code. There is little case law defining its terms. Lawndale has pointed to no case law that would suggest that on reasonable inquiry the debtor's attorney should have concluded that his theory that the debtor's cocaine addiction could be advanced as an excuse overcoming the willfulness of the debtor's acts in the first case was meritless. It would seem that because the law is still developing under § 109(f), the debtor's attorney was certainly entitled to put this theory before the Court. The only way this could be done was to file the second petition.

This is not an appropriate case for sanctions. The debtor lost, but his case was not completely without merit. The Court is not convinced that it was filed in bad faith or simply for an improper purpose such as to cause unnecessary delay. The debtor's attorney after reasonable inquiry concluded he had a reasonable chance of success. That must be regarded as his purpose in filing the second case. He put on a reasonable case in support of his theory. The fact that he lost is not alone sufficient to justify sanctions. *See Marco Holding Co. v. Lear Siegler, Inc.*, 606 F.Supp. 204, 210–12 (N.D.Ill.1985).