**In re Edward Lee FELTS, Debtor.**

**Bankruptcy No. 3–86–00523.**

United States Bankruptcy Court,
W.D. Kentucky.

May 13, 1986.

Lisa Koch Bryant and Stuart Lyon, Louisville, Ky., for debtor.

Lisa Rector Porta, Louisville, Ky., for creditor, The Cumberland Federal Savings & Loan Association.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the court to determine whether this court's order entered February 25, 1986, lifting the automatic stay on the realty comprising a part of the debtor's estate in this Chapter 13 proceeding was proper. Additionally, this court addresses whether this proceeding was filed in good faith pursuant to 11 U.S.C. 1325(a)(3).

As noted in the above referenced order of February 25, 1986, the repeated filing of petitions with this court for the sole purpose of forestalling the creditor's foreclosure, as well as the history of actual payments made under the Chapter 13, brings into serious issue the debtor's "good faith" pursuant to the standards and criteria set forth in *Memphis State Bank v. Whitman*, 692 F.2d 427 (6th Cir.1982).

By order dated March 13, 1986, this court required both parties to submit and exchange appraisals as to the real estate value of the property in question. These appraisals are now of record and relate solely to the question of the adequate protection question formerly addressed.

The creditor, additionally, has filed an Objection to the debtor's Plan, raising substantially the same issues as to the "good faith" of the current plan and further asserting the debtor is not eligible for

relief pursuant to 11 U.S.C. Section 109(f) inasmuch as the present proceeding was filed less than 180 days following the dismissal on November 27, 1985 of the original petition.

It is the opinion of the court that the present petition is not violative of 11 U.S.C. Section 109(f) since the dismissal of November 27, 1985 expressly denoted that said dismissal was "without prejudice".

As to the issue and objection to the plan on the question of the debtor's "good faith", the court has reviewed the payment history and conduct of the debtor prior to the filing of the present petition, under the standards set forth in *Memphis Bank, supra.* Moreover, the court has reviewed the payment record of the debtor since the filing of the present petition and notes that the debtor's plan proposes to remit the sum of $1,000.00 per month for payment to his creditors. The current petition was filed February 21, 1986, however, as of May 9, 1986 no payments had been remitted to the trustee nor had any payments been forwarded to the debtor's attorney to be held in escrow and delivered to the trustee at the Section 341 meeting pursuant to the Local Rules of Bankruptcy Court, Western District of Kentucky, Rule No. 9(d), effective November 1, 1984.

Accordingly, and for the above denoted reasons, the debtor's petition be and it is hereby dismissed with the sanctions set forth in 11 U.S.C. Section 109(f) to apply.

A separate order will be entered this date.