In re Ronnie Lee LEWIS and Judith Ann Lewis, Debtors.

Bankruptcy No. 3-86-01831.

United States Bankruptcy Court, E.D. Tennessee.

Oct. 31, 1986.

Walker & Walker, John A. Walker, Jr., Mary C. Walker, Knoxville, Tenn., for Sec. Pacific Housing Services, Inc.

Gerant J. Maitlen, Knoxville, Tenn., for debtors.

## MEMORANDUM

RICHARD S. STAIR, Jr., Bankruptcy Judge.

Security Pacific Housing Services, Inc. (Security Pacific), a secured creditor, seeks an order dismissing a Chapter 13 case filed by the debtors on August 29, 1986. Additionally, Security Pacific seeks the imposition of sanctions against the debtors and their counsel including, inter alia, an award of attorney fees and expenses incurred incidental to the filing of the motion which gives rise to this contested matter. At issue is the eligibility of the debtors to presently obtain relief under Title 11 in view of the provisions of 11 U.S.C.A. § 109(f) (West Supp.1986).[1]

On July 18, 1986, the debtors filed a voluntary petition for relief under Chapter 13 of Title 11. Contemporaneously with the filing of this petition, the debtors filed a Chapter 13 Plan. This case was assigned number 3-86-01490. An "Order For Meeting Of Creditors," entered on July 21, 1986, was forwarded to the debtors, their attorney, and all parties in interest. Pursuant to the provisions of this order, a creditors' meeting was scheduled under Section

---

1. "Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

    (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

    (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title."

341(a) of the Bankruptcy Code for August 20, 1986, at 2:30 P.M., and a hearing on confirmation of the debtors' plan was scheduled immediately thereafter pursuant to Section 1324 of the Bankruptcy Code.

The debtors did not attend either the August 20, 1986 meeting of creditors or the subsequent confirmation hearing. The debtors' attorney and the attorney for Security Pacific did attend these hearings. At the confirmation hearing, this court dismissed the debtors' Chapter 13 petition. The order memorializing this action, entered on September 5, 1986, recites:

> It appearing to the Court the above named debtors having failed to appear for the meeting pursuant to Section 341, the hearing pursuant to Section 1324, and having abandoned their plan prior to confirmation, it is
>
> ORDERED, that this case be, and it hereby is, dismissed prior to confirmation; and it is further
>
> ORDERED, that a copy of this order be mailed to all creditors and interested parties.

On September 17, 1986, a "Final Decree" was entered discharging the Chapter 13 trustee and closing the case.

On August 29, 1986, the debtors, utilizing the services of the same attorney who represented them in the filing of the first petition, filed a second Chapter 13 petition and plan. On September 15, 1986, the court entered an "Order For Meeting Of Creditors" fixing the Section 341(a) meeting of creditors for October 16, 1986, at 9:00 A.M., with a confirmation hearing to follow immediately thereafter. On September 17, 1986, Security Pacific filed a motion seeking a dismissal of this second Chapter 13 petition and the imposition of sanctions. The debtors and their attorney appeared at the October 16, 1986 meeting of creditors, which was conducted as scheduled. It does not appear that Security Pacific appeared or was represented at the creditors' meeting. No objections were filed to the debt-

ors' plan. On October 20, 1986, the trustee reported to the court that the debtors' plan complied with the provisions of Section 1322 of Title 11 and recommended confirmation subject to disposition of the motion of dismissal filed by Security Pacific. Also on October 16, 1986, the debtors filed an amendment to their Chapter 13 Statement which disclosed the filing of their first Chapter 13 petition, i.e., case number 3-86-01490.[2] On October 20, 1986, the debtors filed an amendment to their Chapter 13 plan whereby they propose to pay through the plan, as postpetition expenses, the attorney fees and expenses incurred by Security Pacific subsequent to the dismissal of the first Chapter 13 petition, including those expenses associated with the filing of the dismissal motion presently before the court.

On October 23, 1986, a hearing on the Security Pacific motion was conducted. The only witness to testify was the debtor wife, Judith Ann Lewis. Mrs. Lewis testified that on July 18, 1986, the date the first Chapter 13 petition was filed, she and her husband shared a common mailbox with her husband's sister and mother. She testified that she and her husband did not receive the July 21, 1986 order scheduling the August 20, 1986 meeting of creditors and confirmation hearing. She further testified that mail from her attorney was not received, nor were bills from creditors. Mrs. Lewis testified that at some time shortly after the August 20, 1986 meeting of creditors she discovered mail intended for her and her husband in unburned trash. Her sister-in-law had been intercepting mail intended for the debtors and not delivering that mail to them. The debtors were not aware that the sister-in-law, who is ill, was withholding mail from them. This problem has now been resolved. Mrs. Lewis' testimony is uncontradicted.

Subsection (f) of Section 109 of Title 11 was enacted as a part of the "Consumer Credit Amendments" associated with the

---

**2.** One of the bases for the imposition of sanctions set forth in the Security Pacific motion is the failure of the debtors and their counsel to disclose in the August 29, 1986 Chapter 13 petition the previously dismissed case.

Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984). It has no predecessor under the 1978 Code. Section 109(f) "prevents certain tactics on the debtors' part that could be deemed abusive." 2 *Collier On Bankruptcy,* ¶ 109.06 at 109–27 (15th ed. 1986).

■ Security Pacific cites *In re Correa,* 58 B.R. 88 (Bankr.N.D.Ill.1986) and *Smith v. First Federal Savings & Loan Association,* 58 B.R. 603 (D.C.W.D.Pa.1986) as authority for the proposition that the provisions of Section 109(f) are mandatory and not discretionary and that this court must, therefore, dismiss the debtors' second petition. This court disagrees with Security Pacific's conclusion, at least insofar as Section 109(f)(1) is concerned.

Section 109(f)(1), upon which Security Pacific's motion is grounded, provides for dismissal of a second case if filed within 180 days of a previously filed case which "was dismissed by the court for *willful* failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." (Emphasis added.) The decisions in both *Correa* and *Smith, supra,* are premised upon facts replete with instances of abuse and bad faith on the part of the debtors.[3] The *Correa* court made certain observations in addressing Section 109(f)(1) which are applicable to the instant case:

The Bankruptcy Code does not define the term "willful." Nevertheless, the term is not hard to define. For purposes of § 523(a)(6), which excepts from discharge any "willful and malicious injury" inflicted by the debtor, courts have defined the term "willful" as meaning "deliberate and intentional." *See, e.g., In re Adams,* 761 F.2d 1422, 1427 (9th Cir. 1985). There is no reason why this approach should not be equally applicable to the term "willful" as used in § 109(f)(1). *In re Fulton,* 52 B.R. 627, 634 (Bankr.D.Utah 1985); *In re Nelkovski,* 46 B.R. 542, 544 (Bankr.N.D.Ill.

1985). Thus, a debtor's conduct is willful within the meaning of § 109(f)(1) when it is "intentional, knowing and voluntary, as opposed to conduct which is accidental or beyond the person's control.... A willful failure to do a required act necessitates a showing that the person, with notice of their responsibility, intentionally disregarded it or demonstrated 'plain indifference.' " *In re Ellis,* 48 B.R. 178, 179 (Bankr.E.D.N.Y.1985) (citations omitted.)

*In re Correa,* 58 B.R. at 90.

In the instant case, there is no evidence of any intention on the part of the debtors to willfully fail to abide by an order of the court or to properly prosecute their first Chapter 13 bankruptcy case. The facts as testified to by Mrs. Lewis do not in any way suggest bad faith on the part of the debtors; nor is there an indication of abuse of the bankruptcy process. The facts are undisputed. The debtors' mail was intercepted and they had no notice of the August 20, 1986 meeting of creditors and confirmation hearing scheduled in the first filed bankruptcy case.

This court's assessment of the impact of Section 109(f) is best summarized in an opinion written by Bankruptcy Judge Peter M. Elliott. *In re Surace,* 52 B.R. 868 (Bankr.C.D.Ca.1985). Denying a motion to dismiss filed by a creditor pursuant to Section 109(f), Judge Elliott concluded:

The effect of 11 U.S.C. § 109(f) is to deprive the debtor the right to relief under the Bankruptcy Code for 180 days, an extraordinary statutory remedy for perceived abuses of the Code. The denial of eligibility should not be lightly or routinely imposed on the debtor without evidence that the debtor knowingly and intentionally disobeyed an order of [the] court or knowingly and intentionally failed to appear in prosecution of the case.

*In re Surace,* 52 B.R. at 871.

The court finds that the debtors did not willfully fail to abide by an order of the

---

**3.** In *Correa* the debtor failed to attend three scheduled creditors' meetings alleging cocaine addiction as his excuse. In *Smith* the debtors filed for bankruptcy on three occasions immediately prior to a scheduled sheriff's sale in an effort to block the sale.

court nor did they willfully fail to appear in the proper prosecution of the first filed Chapter 13 case. Section 109(f) thus has no application.

Having concluded the debtors' second Chapter 13 petition was not improvidently filed and that the debtors are presently eligible for relief under Chapter 13, the court denies Security Pacific's Motion to Dismiss Case and to Impose Sanctions.[4]

As previously noted, no objection to confirmation of the debtors' plan has been filed, and the trustee has recommended confirmation subject to resolution of the Security Pacific dismissal motion. An order confirming the debtor's Chapter 13 plan will be entered in due course.

---

4. While the court is concerned about the failure of the debtors and their counsel to reflect the filing of the first bankruptcy petition in the August 29, 1986 Chapter 13 Statement, that over- sight has now been cured by the filing of the October 16, 1986 Amendment to Chapter 13 Statement.