**In re Jay F. SAMUEL, Debtor.**

**Bankruptcy No. 87–03096S.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 16, 1987.

---

**8.** See page 514, n. 1 *supra.*

John B. Hayter, Philadelphia, Pa., for debtor.

Jonah D. Levin, Norristown, Pa., for Kissell Co.

Edward Sparkman, Philadelphia, Pa., trustee.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

The instant Motion to Dismiss the Debtor's Chapter 13 case, filed by THE KIS-SELL COMPANY, the Debtor's residential mortgagee (referred to hereinafter as "the Mortgagee"), causes us to consider the circumstances in which we believe that it is proper to dismiss a case on the ground that the Debtor has made overly-repetitive multiple bankruptcy case filings. We believe that Congress has, in enactment of 11 U.S.C. § 109(g), expressly indicated those circumstances in which it deems repetitive filings are abusive and that, therefore, in circumstances not within the scope of § 109(g), dismissal on the ground of multiple filings is appropriate only upon proof of actual significant abuse by the Debtor. Since proof of any such actual abuse is lacking here, we shall deny the Mortgagee's motion.

On June 24, 1987, the instant Chapter 13 bankruptcy case was filed. The Motion to Dismiss followed on July 22, 1987. On August 25, 1987, the initial date set for a hearing, the Debtor's counsel, appearing after an absence due to recurring illness, orally opposed the Motion. We entered an Order on August 25, 1987, requesting counsel for both parties to file Briefs supporting their respective positions on or before September 4, 1987, and rescheduled the Motion for a hearing on September 10, 1987. On September 3, 1987, the Mortgagee filed and served its Brief; and the Debtor filed only a brief Answer denying the allegations of the Motion. At the hearing on September 10, 1987, neither party presented any testimony. The Debtor's counsel attempted to excuse his failure to file a Brief with a statement that he had confidence that the Court knew well the law favoring his client's position. Our ruling in favor of the Debtor is obviously rendered in spite of, and not in any way due to, this misplaced attempt at flattery.

In light of this lack of diligence of the Debtor's counsel, we are inclined to overlook the fact that, technically, the Mortgagee made no record and that it is not our policy to take judicial notice of other proceedings in this or any other court in deciding motions before us. *See In re Aughenbaugh*, 125 F.2d 887, 889 (3d Cir.1942); and *In re Chandler*, 77 B.R. 513, 520

(Bankr.E.D.Pa. 1987). We shall assume, as true, the following factual allegations made by the mortgagee in its Motion and Brief:

1. The Mortgagee holds a first mortgage on the Debtor's premises at 1517 Arch Street, Norristown, Pennsylvania, and obtained a state court mortgage foreclosure judgment against the Debtor in the amount of $27,032.16 on August 8, 1983.

2. The Debtor is presently thirty-nine (39) months in arrears on his mortgage payments.

3. The Debtor, by his self-same counsel, has instituted four Chapter 13 bankruptcy cases since August 24, 1983, the filing and disposition of which the Mortgagee summarized as follows:

| Date Sheriff's Sale Scheduled by Mortgagee | Date Case Filed | Date Case Dismissed | Reason for Dismissal |
| --- | --- | --- | --- |
| 9/21/83 | 8/24/83 | 8/9/84 | Trustee's Motion to Dismiss for failure to make payments granted |
| 1/23/85 | 12/4/84 | 10/7/85 | Voluntarily dismissed |
| 1/21/87 | 1/9/87 | 4/27/87 | Voluntarily dismissed |
| 6/24/87 | 6/24/87 (prior to sale of same date) | — | — |

Among the amendments to the Bankruptcy Code effected by the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353 (hereinafter referred to as "BAFJA"), was a new § 109(f), recodified in 1986 as § 109(g), which provides as follows:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

This BAFJA provision was added to address one species of perceived consumer abuse, multiple bankruptcy filings by the same debtor. *See In re Keul,* 76 B.R. 79, 80–81 (Bankr.E.D.Pa., 1987); and R. Nimmer, *Consumer Bankruptcy Abuse,* 50 LAW & CONTEMP. PROB. 89, 115–17 (1987).

Recognizing that the multiple-filing pattern of the Debtor here does not fit within § 109(g), the Mortgagee substantively bases his Motion upon 11 U.S.C. § 1307(c)(1), which provides as follows:

(c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors; ...

We note that 11 U.S.C. § 109(g) has been interpreted strictly by this Court in two ways. First, in *Keul, supra,* at 81–82, it was held that the court has limited discretion to stay its hand from dismissing a case the circumstances of which fell within the scope of § 109(g), irrespective of the equities which the Debtor established against the application of this section. *See also, e.g., In re Keziah,* 46 B.R. 551, 554 (Bankr. W.D.N.C.1985).

On the other hand, if the circumstances of the Debtor failed to fit snugly into the confining language of § 109(g), it was held that dismissal on the basis of this section was inappropriate. *In re Ransom,* 60 B.R. 19 (Bankr.E.D.Pa.1986) (Debtor filed praecipe to withdraw previous Chapter 13 case one day prior to filing of motion for relief from the stay; § 109(g) held not applicable even though previous case was not dismissed until after the stay relief motion was filed). *See also, e.g., In re Lewis,* 67 B.R. 274 (Bankr.E.D.Tenn.1986).

We are also mindful of the fact that the rubric of "good faith," per 11 U.S.C. § 1325(a)(3), was frequently invoked as a

procedural tool to combat perceived multi-ple-filing abuse prior to the enactment of § 109(g). *See, e.g., In re Hill,* 34 B.R. 21 (Bankr.M.D.Fla.1983). However, we have been critical in the past of the use of § 1325(a)(3) to embrace a meaning broader than " 'debtor misconduct [in the bankrupt-cy proceeding], such as fraudulent misrep-resentations or serious nondisclosures of material facts.' " *In re Gathright,* 67 B.R. 384, 387–88 (Bankr.E.D.Pa.1986), *appeal dismissed,* 71 B.R. 343 (E.D.Pa.1987) (quot-ing 5 COLLIER ON BANKRUPTCY, ¶ 1325.04, at 1325–12, 1325–10 (15th ed. 1986)). *See also, In re Smith,* 77 B.R. 496, 500–501 (Bankr.E.D.Pa. 1987); and *In re Clinton Centrifuge, Inc.,* 72 B.R. 900, 903–08 (Bankr.E.D.Pa. 1987).

■ Considering all of the foregoing, we conclude that, when a debtor's factual pat-tern does not fit precisely within the con-fines of 11 U.S.C. § 109(g), the creditor bears a heavy burden to succeed in a dis-missal motion based upon multiple filings of the debtor. Congress has spoken in response to complaints of this type of pur-ported bankruptcy abuse, and prevented multiple filings in certain circumscribed sit-uations. It would fly in the face of Con-gressional intent to dismiss cases which do not fit these circumscribed situations on the basis of a distinct multiple-filing sce-nario.

We have only uncovered one post-BAFJA case where a dismissal on the basis of multiple filings ensued in a situation not within the confines of 11 U.S.C. § 109(g), *e.g., In re Felts,* 60 B.R. 736 (Bankr.N.D.Ill. 1986). However, in that case, the court had before it a debtor with a history of having made no payments whatsoever sub-sequent to the filing. The *Felts* court also relied exclusively upon *Memphis Bank & Trust Co. v. Whitman,* 692 F.2d 427 (6th Cir.1982), a case invoking the concept of "good faith" in a manner with which we "totally disagreed" in *Gathright, supra,* 67 B.R. at 390.

On the other hand, we note considerable appellate authority declining to dismiss cases involving multiple filings by debtors not within the confines of § 109(g). *See, e.g., In re Metz,* 820 F.2d 1495 (9th Cir. 1987); *In re Baker,* 736 F.2d 481 (8th Cir. 1984); and *In re Gayton,* 61 B.R. 612 (9th Cir.Bankr.App.1986).

We should observe, however, that we are not insulating truly-abusive multiple-filing situations from dismissal. *See In re Kin-ney,* 51 B.R. 840 (Bankr.C.D.Cal.1985) (one family filed ten cases within a 25–month period); and *In re Jones,* 41 B.R. 263 (Bankr.C.D.Cal.1984) (six cases filed within two years). In such cases, invocation of 11 U.S.C. § 1307(c)(1) or even 11 U.S.C. § 1325(a)(3) to request a dismissal may be appropriate.

■ However, we find no proof of egre-gious debtor misconduct comparable to that in *Kinney* and *Jones* here. While the Debtor has made multiple filings, he has apparently made considerable payments to the Mortgagee during the period of these filings, as indicated by the latter's aver-ment of a 39–month arrearage at this junc-ture, subsequent to the 50–month period spanning the Debtor's four bankruptcies. Assuming that there was a substantial de-linquency prior to the first filing, the Debt-or must have made substantial payments in this 50–month period.

Also indicative of remittance of consider-able payments in this period by the Debtor is the fact that the Mortgagee does not allege the filing of a motion for relief from the automatic stay in any of the prior bank-ruptcies, and seeks no such relief in the present case at this time. Given its vigi-lance in pursuing this Motion, we have no doubt that the Mortgagee would have pur-sued relief from the stay had it considered that alternative available to it. Of course, had the Mortgagee been able to do so, and done so, the Mortgagee would have brought the Debtor's circumstances within the scope of § 109(g)(2), and subject to the direct impact of that Code provision. The fact that a debtor who, like the instant Debtor, displays at least such a measure of diligence as to stay current with his mort-gage payments while his cases are pending should not be barred from refiling is one

consequence of the Congressional wisdom in drafting § 109(g)(2) as it did.

 Finally, we believe that § 1307(c)(1) is directed principally towards situations where the debtor engages in "unreasonable delay" in the prosecution of a current bankruptcy. Here, the Motion based on § 1307(c)(1) was filed within a month of the filing of the bankruptcy, before the Debtor even had an opportunity to "reasonably delay" the proceeding. Thus, the facts do not appear to fit the specific Code section invoked by the Mortgagee as the legal basis for its Motion.

Only time will tell whether the Debtor proceeds with his current Chapter 13 case through to fruition and avoids a future Motion to dismiss, or a possibly less-successful attempt at a future multiple filing. However, by our act of denying the Mortgagee's Motion, we will allow the Debtor to attempt to do so.