In re Kenneth and Burnis WARD.

CLINTON STATE BANK, First Federal of Arkansas, F.A., and Thermogas Company of Greers Ferry, Plaintiffs,

v.

Kenneth and Burnis F. WARD, Defendants.

Bankruptcy No. LR 87–1703 S.

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Oct. 20, 1987.

M. Watson Villines, Conway, Ark., for debtors.

Charles Tucker, North Little Rock, Ark., for trustee.

Stephen James, Clinton, Ark., for Clinton State Bank.

Robert Crockett, Clinton, Ark., for First Federal of Arkansas.

## MEMORANDUM OPINION

MARY DAVIES SCOTT, Bankruptcy Judge.

Now before the Court is a Motion to Dismiss or In The Alternative Motion for Relief From Automatic Stay filed by three secured creditors in this Chapter 13 case. The matter came on for hearing October 9, 1987. The debtors appeared personally and by counsel, M. Watson Villines, Esq. The Trustee appeared by counsel, Charles Tucker, Esq. Clinton State Bank appeared by its representative, Thomas McKnight, and by counsel, Stephen James, Esq. First Federal of Arkansas appeared by its representative, Scott Kennedy and by counsel, Robert Crockett, Esq. Thermogas Company appeared by its representative, Robert Bradford and by counsel, Robert Crockett, Esq.

After hearing statements of counsel, testimony by the witnesses and the separate debtor, Kenneth Ward, as well as reviewing the files and pleadings in this case the Court finds that the case should be dismissed. The Court bases its finding on the following:

The movants filed their motion asserting that the pending Chapter 13 case should be dismissed pursuant to 11 U.S.C. § 109(g). That provision of the Bankruptcy Code provides as follows:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) The case was dismissed by the court for willful failure to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained a voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

The parties stipulated to numerous facts read into the record at the commencement of the hearing on this motion. Pertinent to this Court's decision to dismiss the pending Chapter 13 case the parties stipulated to the following facts:

(a) The secured creditors, Clinton State Bank, First Federal of Arkansas, F.A., and Thermogas Company of Greers Ferry obtained a decree of foreclosure against the debtors in Van Buren County, Chancery Court October 10, 1985 and a sale was set for October 31, 1985.

(b) The debtors filed a Chapter 11 petition on October 31, 1985, Case # LR 85–1561M. The sale was halted by the entry of the Order for Relief imposing the automatic stay of 11 U.S.C. § 362.

(c) The debtors failed to attend the first setting of their Chapter 11 first meeting of creditors January 13, 1986.

(d) The debtors never filed a plan of reorganization in their Chapter 11 case.

(e) These same creditors filed multiple contested matters during pendency of the Chapter 11 case including Motions to Dismiss and Motions for Relief From Stay.

(f) The debtors entered into an agreement with separate creditor, Clinton State Bank, pursuant to settlement of one of the contested matters (CMS No. 86–2087) but failed to perform under that agreement. Failure to perform under that agreed order resulted in the movant's request for relief from stay being granted automatically without further petitioning the Court.

(g) Another contested matter, a Motion to Dismiss or in the Alternative Motion for Relief From Stay, was filed by separate creditor, First Federal (CMS No. 87–201), and was set for hearing June 19, 1987. Neither the debtors nor their counsel appeared and the Chapter 11 case was dismissed pursuant to 11 U.S.C. § 105(a) by the Honorable James G. Mixon in an Order signed July 10, 1987 and entered July 14, 1987.

(h) There was no appeal of the final order dismissing the Chapter 11 case, nor was there a request for reconsideration or motion to set aside the Court's Order.

(i) The creditors re-set the foreclosure sale referred to in (a) above for September 3, 1987.

(j) The debtors filed the pending Chapter 13 case September 2, 1987, 50 days after dismissal of their Chapter 11 case.

(k) The debtors failed to attend the first setting of their Chapter 13 first meeting of creditors October 7, 1987.

(*l*) The debtors only mailing address of record during pendency of both their Chapter 11 and Chapter 13 cases was P.O. Box 329, Clinton, Arkansas.

The Order entered by Judge Mixon on July 14, 1987 makes a specific finding not only that the debtors failed to timely confirm a plan of reorganization but also failed to appear and defend at the hearing held June 19, 1987. The Chapter 11 case was dismissed pursuant to 11 U.S.C. § 105(a), which provides as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

■ The debtors argue that this Court should not dismiss this Chapter 13 case because the Court in the Chapter 11 case, did not make a specific finding pursuant to 11 U.S.C. § 109(g) that the debtors willfully failed to abide by orders of the Court or failed to appear before the Court in proper prosecution of the case. They argue that since the Court in the Chapter 11 case did not make a specific finding that the debtors' behavior was "willful," Section 109(g) of the Code is not applicable and this second case cannot be dismissed pursuant to that section. This Court disagrees. Testimony, evidence and stipulations presented to the Court at the hearing on the pending Motion to Dismiss supports a contrary conclusion. The Court is not swayed by an argument that is no more than technical and/or semantic game playing. In any event this Court *sua sponte* can dismiss this second case pursuant to 11 U.S.C. § 105(a), *supra.*

■ The debtors also contend that neither they nor their attorney received notice of the June 19, 1987 hearing. No appeal, motion for reconsideration and/or motion to set aside the Order of Judge Mixon entered July 14, 1987 was ever filed by the debtors. In fact, there was no activity by these debtors or counsel for the debtors from entry of the Court's Order July 14, 1987 until the day before these same creditors reset a second foreclosure sale September 3, 1987. This is so even though Kenneth Ward testified that he knew his Chapter 11 case had been dismissed when he went to the bank about July 17 to make his payment. He further testified that he called his attorney to report this fact. Since Judge Mixon's Order had just been entered, there was more than sufficient time to request a rehearing and ask that the decision of the judge be set aside. The debtors had ample opportunity to apprise the Court that their Chapter 11 case was dismissed without due process as they now

assert. They ignored this procedural remedy.

The testimony presented by Kenneth Ward as well as the documents and stipulations received into evidence more than support a conclusion that the cry or excuse of "no notice" begs credibility. The debtor, Kenneth Ward, testified that there were many other notices he and his wife failed to receive during both cases. He further testified that he and his wife moved to Little Rock during their Chapter 11 case but he still picks up mail "about once a week" at the P.O. Box number in Clinton, Arkansas. Mrs. Ward apparently receives mail at a Little Rock address. A change of address for these debtors has never been made known to the court by the debtors. The Court believes it incumbent upon debtors seeking this Court's protection to keep the Court apprised of a current address. The debtor's testimony that he did not receive multiple notices including the notice of the hearing on dismissal of his Chapter 11 case is not credible. The manner in which he elected to continue receiving notices, by checking his mail "about once a week" is not consistent with vigilant prosecution of a Chapter 11 case wherein the debtor serves as the hypothetical trustee and fiduciary for all of his creditors. In fact, to the contrary, it indicates a blatant and negligent unconcern with the case. Kenneth Ward did testify that his attorney knew his whereabouts and had his current phone number, but no testimony was elicited that the debtors received calls from the attorney or his office reminding and/or informing the debtors of hearing dates.

The Court was further amazed by the testimony that the debtors did not even know that they were to appear at this hearing on the matter of dismissal of this second case but only discovered that fact through a happenstance visit to their attorney's office that very morning. Clearly, this testimony as well as that outlined above establishes a breakdown in communication, but it is not between this Court, the clerk's office and the debtors. It also does not support the debtors' contention that they were denied due process. Rather the communication problem appears to be between the attorney and his clients or caused by the debtors failure to inform the Court of his whereabouts. That is not this Court's problem. The debtors and their counsel must simply be more accountable. There is ample evidence to support a conclusion by this Court that these debtors have systematically and willfully avoided or ignored process throughout pendency of both their bankruptcy cases.

The Court finds, under the circumstances outlined hereinabove, that pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 109(g) this second case should be dismissed. Because the Court concludes that dismissal is proper, it is not necessary to decide the alternative Motion for Relief From Stay.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the Motion to Dismiss be and hereby is granted.

IT IS SO ORDERED.