**In re Joseph W. ARENA, Debtor.**

**Bankruptcy No. 87–05287S.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 25, 1988.

David M. Offen, Philadelphia, Pa., for debtor.

Margo J. Peterson, Jonah D. Levin, Norristown, Pa., for movant.

Edward Sparkman, Philadelphia, Pa., Standing Chapter 13 Trustee.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

The motion before the court in the instant case requires us to examine once again the meaning and application of 11 U.S.C. § 109(g), a subject which we previously addressed in *In re Samuel,* 77 B.R. 520 (Bankr.E.D.Pa.1987). We hold that, in order to prevail in a motion based upon 11 U.S.C. § 109(g)(1), the moving party bears the burden of showing that the debtor either (1) willfully failed to abide by an order of the court or (2) willfully failed to appear before the court in proper prosecution of the case. Although we believe that the conduct of the Debtor in issue here, the failure to appear at a meeting scheduled pursuant to 11 U.S.C. § 341, certainly is within the scope of § 109(g)(1), it appears to fall within the first category of conduct described in that section noted above, not the second category, contrary to what both we and the parties assumed at the hearing.

We also hold that the Debtor's subsequent failure to appear at a dismissal hearing based on the failure to appear at the § 341 meeting, also in issue here, does not constitute a "voluntary dismissal" within the scope of § 109(g)(2), but may constitute a failure to appear before the court, per the second category of § 109(g)(1) conduct. However, because we believe that, in this context, the requisite element of willfulness is proven only by a finding of the court that the debtor has done an act deliberately, we believe that same may be established only by (1) an admission of intentional conduct by the debtor; (2) a conclusion that denials of intentional conduct by the debtor lack credibility; or (3) our drawing adverse inferences from all of the circumstances attendant to the filing, including the debtor's failure to prosecute the present case and determination of whether the debtor engaged in conduct manifesting an abuse of bankruptcy process in making repetitious filings.

Here, although the muddled record makes the matter closer than it should have been, we find the Debtor's testimony denying intentional conduct credible and we perceive an active intention to prosecute this case and no attendant circumstances manifesting an abuse of bankruptcy process. Crediting the Debtor's explanation that he failed to attend the § 341 hearing in his prior case because he innocently forgot about it and that he failed to attend the dismissal hearing because the notice of the hearing was misdirected by his wife, we find that the requisite willfulness is lacking and we therefore proceed to deny the motion before us.

The Debtor filed the instant Chapter 13 bankruptcy case on October 22, 1987. The Motion in issue, seeking dismissal per § 109(g) or relief from the automatic stay per 11 U.S.C. § 362, was filed by the Debtor's mortgagee, THE KISSELL COMPANY (hereinafter referred to as "the Movant"), on November 17, 1987. After the Debtor answered on November 25, 1987, the matter was heard on December 22, 1987. We accorded the parties until January 13, 1988, to simultaneously file Briefs supporting their respective positions.

The only witness at the hearing was the Debtor, called as of cross-examination by the Movant. It was established that the Debtor had remitted all post-petition payments to both the Movant and the Trustee. However, confusion concerning this element had been created in the payments to the Trustee because counsel for the Debtor, apparently considering it too much trouble to proceed properly, had failed to terminate the wage order in the Debtor's previous bankruptcy, at Bankr. No. 87–01578S, and hence wages withheld to date were appearing on the Trustee's Report of Receipts and Disbursements in the previous case rather than in the instant case. Apparently satisfied that payments were being made, the Movant did not address this issue in its Briefs and we therefore assume that it is appropriately no longer vigorously pressing for relief under § 362(a) at this juncture.

The Movant averred, and the Debtor admitted, that he had made two prior filings, one on May 1, 1985, which was dismissed on account of the Debtor's failure to make payments to the Trustee, on December 4, 1986; and the other on April 2, 1987, at Bankr. No. 87–01578S, dismissed on July 14, 1987, because of the Debtor's failure to attend the § 341 meeting scheduled on June 1, 1987. It was admitted that all three filings had been made shortly before sheriff's sales scheduled by the Movant to execute upon mortgage foreclosure judgments obtained by it.

The most substantive aspect of the Answer was a recitation, at ¶ 11, that the Debtor's failure to attend the § 341 hearing in Bankr. No. 87–01578S was not willful but was because the Debtor "had been in a car accident on the date scheduled for the 341 meeting and had failed to appear in court to explain his absence because of a mixup in the dates." Answer to Motion to Dismiss of Kissell Co. to Dismiss [sic] or for Relief from Automatic Stay, ¶ 11.

Whatever "mixup" is attributed to any vehicular accident in which the Debtor was allegedly involved, it pales in comparison to the mixup between these allegations of the

Answer and the testimony of the Debtor at the hearing. The Debtor testified that he had only been in one such accident, which he adamantly maintained was in the month of December, 1987. Hence, the Debtor himself negated any possibility that he had failed to attend a § 341 meeting as long ago as June 1, 1987, for such a reason. His explanation as to actually why he did not attend the § 341 meeting, to the extent that he recalled at all, was that he "probably" was at work as a truck driver on the date of the hearing and forgot about it. When asked why he failed to attend the subsequent dismissal hearing on July 14, 1987, the Debtor testified that he had been separated from his wife and living with his mother between May, 1987, and late October, 1987. During this period, his wife, remaining in the marital home after he went to live with his mother, discarded much of his mail and did not tell him about it. The Debtor surmised that the notice of the dismissal hearing thus failed to come to his attention.

We found the Debtor's testimony, although totally divorced from the written Answer, entirely credible. Certainly, he was not guilty of conforming his testimony to that anticipated by his counsel in questioning him.

The statute upon which the relevant portion of the motion is based, 11 U.S.C. § 109(g), reads as follows:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

Our previous decision interpreting this section, *Samuel, supra,* although not con-

trolling here, is relevant in expressing the spirit in which we believe that this statutory provision must be interpreted. There, we cautioned against an overbroad authorization of dismissal of cases due to past repetitious filings by a debtor. Hence, in that case, we restricted dismissal of cases on the ground of repetitious filings to circumstances squarely within § 109(g) or instances of "truly-abusive multiple-filing situations" exemplifying "egregious debtor misconduct." 77 B.R. at 523. However, we also observed that we approved of the reasoning of our brother Judge Fox in *In re Keul,* 76 B.R. 79 (Bankr.E.D.Pa.1987), that equities in favor of a debtor could not save a case from dismissal where the facts fell squarely within § 109(g). Here, unlike *Samuel,* the Movant argues, with some force, that the facts do fall within the scope of § 109(g)(1).

The Movant's starting point is its assertion that the Debtor's failure to attend the § 341 meeting constituted the second type of conduct described by § 109(g)(1), i.e., failure to appear before the court in prosecution of the case, as opposed to the first type of conduct, i.e., failure to abide by court orders, and that the peculiar grammatical construction of § 109(g)(1) requires that only the first type of conduct be "willful" in order to justify dismissal of the case. We disagree with both of these assertions.

Of the five cases which we have located where failure to attend a § 341 hearing was the conduct of the debtor which resulted in dismissal of the case prior to that in which the § 109(g) motion was made, the courts in three have characterized such conduct as failure to abide by the order of the court to attend the meeting, not as the failure to prosecute the case in court. *See In re Correa,* 58 B.R. 88, 91 (Bankr.N.D.Ill. 1986); *In re Fulton,* 52 B.R. 627, 631–32 (Bankr.D.Utah 1985); and *In re Nelkovski,* 46 B.R. 542, 544–45 (Bankr.N.D.Ill.1985). In the other two, *In re Ward,* 78 B.R. 914, 916–17 (Bankr.E.D.Ark.1987); and *In re Lewis,* 67 B.R. 274, 276–77 (Bankr.E.D. Tenn.1986), the respective courts did not

delineate which type of conduct described in § 109(g)(1) they deemed to be in issue.

The reasoning of the first three cases cited in the foregoing paragraph appears correct. A § 341 hearing is not before, and indeed must be conducted out of the presence of, the court. 11 U.S.C. § 341(c). Hence, attendance at the § 341 meeting is not properly characterized as an appearance "before the court," even if attendance is necessary to properly prosecute one's bankruptcy case. However, attendance at the hearing is necessary if the debtor is to complete all of the steps of a bankruptcy case, and hence it seems logical to consider non-attendance as a failure to abide by an order of court.

Having determined that failure to appear at a § 341 hearing is within the first category of conduct described by § 109(g)(1) in itself leads to the conclusion that the Movant's reliance on non-attendance at the § 341 meeting as a basis for dismissal requires a finding on our part that the Debtor's conduct was "willful." Furthermore, assuming *arguendo* that the non-attendance at a § 341 meeting fell only within the second category of conduct described by § 109(g)(1), we believe that a finding of willfulness was nevertheless prerequisite to support dismissal. This is the conclusion reached, after extended reasoning based on legislative history, by the court in *Fulton*, 52 B.R. at 629–31. All of the authorities considering this issue appear to concur. *E.g., Lewis, supra,* 67 B.R. at 276; *Correa, supra,* 58 B.R. at 90; *In re Surace,* 52 B.R. 868, 871 (Bankr.C.D.Cal. 1985); and *Nelkovski, supra,* 46 B.R. at 544, 545.

While the location of the comma in § 109(g)(1) creates some ambiguity, we believe that the interpretation of § 109(g)(1) presented by these courts is accurate. There is no logical basis to require willfulness to allow dismissal for failure to abide by orders of the court, conduct which clearly appears more aggravated and thus more clearly justifying dismissal than a failure to appear, and not to require a showing of willfulness to dismiss a case for a failure to appear. In keeping with the spirit of a narrow construction of § 109(g)(1) which pervades *Samuel,* we conclude that a finding of willfulness is a prerequisite of any dismissal order based upon § 109(g)(1).

Another issue presented by this case, but not argued by the Movant, is whether the Debtor's failure to appear at the court hearing on the motion to dismiss the case for failure to appear at the § 341 meeting could be considered as either a voluntary dismissal of the case, per 11 U.S.C. § 109(g)(2), or also as a failure to appear before the court to prosecute the case, per 11 U.S.C. § 109(g)(1). We agree with the decisions in *In re Gamble,* 72 B.R. 75, 76–77 (Bankr.D.Idaho 1987); and *Nelkovski, supra,* 46 B.R. at 544, that failure to appear at a dismissal hearing is not the equivalent of a voluntary dismissal. Following the reasoning of *Surace, supra* 52 B.R. at 870–71; and *Ward, supra,* 78 B.R. at 916, 917, however, we do believe that a *willful* failure to attend the dismissal hearing could constitute a failure to properly prosecute the case, pursuant to the second category set forth in § 109(g)(1).

Remaining for decision is the issue of whether, under careful exercise of our discretion, we should deem the Debtor's failure to attend the § 341 meeting, or his failure to attend the dismissal hearing, or the combination of both of these actions, as "willful." The necessity for care in our evaluative process is heightened by recognition that deference will be accorded to our decision in any appeal to the district court. *See In re Krattiger,* 52 B.R. 383, 385 (W.D.Wis.1985).

We find, in the background of most of those cases which granted motions based upon § 109(g)(1), an element of strong disapproval of at least a certain aspect of the conduct of a debtor, i.e., an adverse determination of the debtor's credibility at the dismissal hearing itself, *e.g., Ward, supra,* 78 B.R. at 917; and *In re Ellis,* 48 B.R. 178, 179 (Bankr.E.D.N.Y.1985); or a finding of repetitive or abusive filings or other actions of the debtor in violation of proper procedures of the court, *e.g., In re Bono,* 70 B.R. 339, 342–43 (Bankr.E.D.N.Y.1987); *In re Dyke,* 58 B.R. 714 (Bankr.N.D.Ill.

1986); and *Nelkovski,* 46 B.R. at 544–45; or other peculiar circumstances, *e.g., Correa,* 58 B.R. at 91 (court offended by debtor's contention that cocaine addiction caused his failure to attend the § 341 meeting); and *In re Patel,* 48 B.R. 418, 419 (Bankr.M.D.Ala.1985) (court had given the debtor numerous warnings before dismissing case).

On the other hand, equating willfulness with "deliberate" conduct of the debtor, the courts in the cases which we believe are most factually analogous to the instant case, *i.e., Lewis, supra;* and *Fulton, supra,* denied § 109(g)(1) motions following dismissals for the failures of the respective debtors to attend § 341 meetings. In *Fulton,* the debtor admittedly negligently failed to properly record the § 341 hearing date in his personal "daily reminder book" and therefore missed the meeting. This incident is comparable to that of the Debtor here in simply forgetting about the § 341 hearing. In *Lewis,* the debtors presented evidence from which it could be inferred that a relative who was intercepting and destroying their mail had misdirected the hearing notice. This is comparable to the failure of the Debtor here to receive the mail notice of the dismissal hearing because of its likely interception and destruction by his wife during a period of marital discord.[1]

Finding the Debtor here credible and sincere in his intention to properly prosecute his present Chapter 13 case, as evidenced by his payments, and that his filing of three cases over a period of two and a half years does not constitute an "abusive multiple-filing situation," *compare In re Geller,* 74 B.R. 685, 691 (Bankr.E.D.Pa.1987), we are unwilling to impute deliberate or willful conduct to his actions which caused the dismissal of his previous case at No. 87–01578S. We shall therefore deny the motion before us.

■ We also observe that the Movant prayed for the imposition of sanctions against the Debtor's counsel under Bankruptcy Rule 9011. We must express some measure of dismay at the failure of the Debtor's counsel to adequately discuss the facts with the Debtor prior to the hearing, causing him to be as surprised as opposing counsel and the court at what transpired. We continue to be puzzled as to how counsel, or the Debtor, or the Debtor's wife, assuming, as does counsel in improper off-the-record denunciation of the wife in his Brief (assertion of which serves only to heighten our dismay) as the source of the erroneous information set forth in paragraph 11 of the Answer, could have been so clairvoyant as to recite the occurrence of a vehicular accident before it had transpired in December, 1987, i.e., as of the date of the preparation of the Answer on November 25, 1987.

We are also dismayed at the casual manner in which counsel attempted to justify failing to terminate the wage order associated with the previous case and utilizing that Order in the present case. Expediency is no justification for doing a matter other than the right way, and this action undoubtedly misled the Movant in initially alternatively requesting relief pursuant to § 362(d). We will therefore direct the Dector's counsel to prepare an Application to correct this continuing error in our records within ten (10) days.

■ However, two general observations are appropriate at this juncture. First, the court will not impute the wrongdoing of counsel to innocent clientele lightly in deciding § 109(g) motions. *Compare In re Tucker,* Bankr. No. 87–03499F (Bankr.E.D.Pa. Dec. 28, 1987) (court refuses to dismiss a case despite multiple filings by the debtor the improprieties of whose counsel may have been entirely responsible for same). Secondly, we believe that Rule 9011 should be sparingly employed so as not to stifle creativity or vigorous advocacy. *See Gaiardo v. Ethel Corp.,* 835 F.2d 479, 482–85 (3d Cir.

---

1. Courts have similarly been reluctant to attribute willfulness to a failure of a debtor to make payments, thereby resulting in a § 109(g)(1) dismissal. *See In re Inesta Quinones,* 73 B.R. 333, 336–37 (Bankr.D.P.R.1987); *In re Glover,* 53 B.R. 14, 16 (Bankr.D.Or.1985); and *In re Morris,* 49 B.R. 123, 134 (Bankr.W.D. Ky.1985).

1987); and *In re Lewis,* 79 B.R. 893, 16 B.C.D. 1055, 1057 (9th Cir.Bankr.App.1987).

Therefore, we shall not grant any sanctions against the Debtor's counsel under Rule 9011 in framing the enclosed Order consistent with this Opinion.