In re Vincent Joseph SURACE, Sr., aka Vincent J. Surace, Sr., aka Vincent J. Surace aka V.J. Surace dba Santa Ana Back Pain Clinic, Debtor(s).

Bankruptcy No. SA 85–00037 RP.

United States Bankruptcy Court, C.D. California.

Sept. 17, 1985.

---

Stanley Minier, Stanley Minier, Inc., Santa Ana, Cal., for movant Ann Lohrbach.

Gerald Klein, Klein & Associates, Garden Grove, Cal., for debtors.

## MEMORANDUM AND ORDER DENYING MOTION TO DISMISS

PETER M. ELLIOTT, Bankruptcy Judge.

Ann Lohrbach is a creditor holding a state court judgment in the amount of $168,807 plus costs and attorney's fees against the debtor. She has filed a motion to dismiss the above-entitled Chapter 7 case and said motion came on regularly for hearing before the undersigned bankruptcy judge on September 5, 1985.

The motion asserts that Mr. Surace is not qualified to be a debtor because he had a prior bankruptcy case dismissed within 180 days before the filing of the instant case, citing 11 U.S.C. § 109(f). Section 109(f) was added to the Bankruptcy Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984, effective as to cases filed after October 9, 1984. As a separate ground for dismissal, Lohrbach relies upon an order entered in a prior Chapter 13 case enjoining the debtor from filing any new bankruptcy case within 180 days without prior order of court.

## FACTUAL BACKGROUND

On June 25, 1984 the debtor, not represented by counsel, filed a Chapter 13 case in this court, numbered SA 84–02571 PE. On August 14, 1984 an order was filed and entered dismissing the Chapter 13 case on the trustee's motion for failure to file a Chapter 13 statement and plan.

On September 18, 1984 the debtor, again without counsel, filed a Chapter 13 case in this case, numbered SA 84–03681 RP. On November 8, 1984 the second Chapter 13 case was dismissed on the trustee's motion on the same grounds, failure to file a Chapter 13 statement or plan.

On November 20, 1984, the formal written order prepared by the Chapter 13 trustee and signed by the judge not only dismissed the Chapter 13 case, but also enjoined the debtor from filing a subsequent bankruptcy petition for 180 days from the date of the order without prior order of court.

On January 7, 1985 the debtor, now represented by attorney Gerald Klein, filed this Chapter 7 case, numbered SA 85–00037 RP.

Because the debtor is allegedly in violation of the injunction issued by another judge of this court, the motion to dismiss should more properly have been heard by that judge. However, he has recused himself in all cases involving Mr. Minier, counsel for movant. Therefore I reluctantly address the validity of my colleague's order.

## INJUNCTION AGAINST FILING

The debtor, through his attorney, Mr. Klein, correctly points out that there was absolutely no notice to the debtor that the court might enter an order enjoining him from refiling bankruptcy within 180 days. The only notice served on the debtor

in SA 84–03681 is a notice to the effect that Bankruptcy Rule 1007 requires that the debtor file a Chapter 13 statement and plan within 15 days and that if he did not do so, the trustee's motion for an order dismissing the case would be heard on November 8, 1984. The trustee did not institute an adversary proceeding as required by Bankruptcy Rule 7001.

Elementary due process requires that the debtor have notice of the possibility of an injunction being issued.

The injunction against refiling within 180 days is similar to an order in a relief from stay matter that future bankruptcy filings by the debtor shall not affect the order granting relief from stay. The latter order was overturned by the District Court in *In re Norris*, 39 B.R. 85 (E.D.Pa.1984) as beyond the power of the bankruptcy court.

I am constrained to hold that an order prohibiting the debtor from filing another bankruptcy case within 180 days issued without notice of any kind is void and violation of that order is not grounds for dismissal of this Chapter 7 case.

## DEBTOR'S ELIGIBILITY UNDER § 109(f)

11 U.S.C. § 109(f) provides in part:

... no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

■ The debtor argues that because § 109(f) only applies to cases filed after October 9, 1984, and since the second Chapter 13 was filed earlier, September 18th, the section does not apply. I disagree and hold that because this Chapter 7 case was filed after October 9, 1984 the section re-fers to the debtor's eligibility to file this Chapter 7 case without regard to the filing date of the prior case so long as it was pending within the preceding 180 days.

■ The creditor argues that the debtor has failed to abide by orders of the court and has failed to appear before the court in proper prosecution of the case. But no orders were made in either of the prior Chapter 13 cases requiring the debtor to do anything and therefore it follows that he has not willfully failed to obey any orders.

The creditor further argues that the debtor's failure to appear in response to the trustee's motion to dismiss the Chapter 13 case is a failure to appear in proper prosecution of the Chapter 13 case. Neither party cites any authorities. My research reveals two cases that shed light on the issue. In *In re Ellis*, 48 B.R. 178 (Bankr.E.D.N.Y.1985) the debtor's initial petition had been dismissed following the debtor's failure to (i) complete her petition by timely filing her plan; and (ii) comply with the court's order to appear and show cause why her petition should not be dismissed. Her second petition was filed within 180 days of the prior dismissal. The debtor contended that her conduct was not "willful" within the meaning of § 109(f)(1) because she had relied on her husband and attorney to handle her initial petition.

In dismissing the second petition, the court held that where the debtor was literate, had ample notice of the "show cause" order and had the opportunity to appear, her failure to appear was "willful" for purposes of § 109(f)(1). Specifically, the court found that the initial petition had been dismissed when the debtor: (a) willfully failed to abide by a court order to appear and show cause; and (b) willfully failed to appear at a hearing before the court in proper prosecution of her case.

The court stated, at Page 179:

Willful is generally used to describe conduct which is intentional, knowing and voluntary, as opposed to conduct which is accidental or beyond the person's control.... A willful failure to do a re-

quired act necessitates a showing that the person, with notice of their responsibility, intentionally disregarded it or demonstrated "plain indifference."

As opposed to the *Ellis* case, there is no explanation of debtor's failure to appear at the trustee's motion to dismiss. Where debtor was without counsel in his prior two Chapter 13 cases and there has been no showing as to the reason for his failure to appear I am reluctant to infer that his action was deliberate or intentional, i.e., willful. It is not at all uncommon for debtors (and their attorneys) to miss court appearances because of being tied up in freeway traffic, because their automobiles have broken down, because of illness, and for other reasons that would negate any element of willfulness.

In *In re Nelkovski*, 46 B.R. 542 (Bankr. N.D.Ill.1985), creditors moved to dismiss the debtors' joint petition under Chapter 13, under § 109(f). At Page 544 the court stated:

"Although the definition of willful has been frequently discussed, at the least, the term means 'deliberate.' ...." and that, "... a mere failure to make a payment under a Chapter 13 plan or failure to appear at the first meeting or a court hearing, will not, in itself, be sufficient to sustain a finding of willful conduct under this subsection.

"On the other hand, the court will construe repeated failure to appear or lack of diligence as willful conduct. Repeated conduct strengthens the inference that the conduct was deliberate. Additionally, the court will infer from a pattern of dismissals and refilings in unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process which this amendment was designed to prevent."

In dismissing the debtors' joint petition, the court emphasized the repeated nature of the debtors' failures in the previous proceedings. The court held: that the debtors' "repeated failure to perform under previous plans and failure to appear at the first meeting of creditors with no explanation and no showing of changed circumstances constitutes willful failure to abide by orders of the court."

The effect of 11 U.S.C. § 109(f) is to deprive the debtor the right to relief under the Bankruptcy Code for 180 days, an extraordinary statutory remedy for perceived abuses of the Code. The denial of eligibility should not be lightly or routinely imposed on the debtor without evidence that the debtor knowingly and intentionally disobeyed an order of court or knowingly and intentionally failed to appear in prosecution of the case.

IT IS ORDERED that the creditor's motion to dismiss is denied.