**In re AEMICO, INC., Debtor.**

**Bankruptcy No. 85–A–1439.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

Nov. 4, 1985.

Paris Artis, Hyattsville, Md., for debtor in possession.

Douglas Lashley, Bethesda, Md., for Seton Investments.

MEMORANDUM OF DECISION

(Motion to Dismiss Chapter 11 Proceeding)

PAUL MANNES, Bankruptcy Judge.

This matter came before the court upon the motion of Seton Investments ("Seton"), presumably a partnership, seeking the dismissal of this Chapter 11 proceeding. Seton is the holder of a note secured by a second deed of trust upon property located at 4807 Marlboro Pike, Coral Hills, Maryland. Its argument is based upon a conclusion that the Chapter 11 proceeding was filed in bad faith.

The underlying facts are not in dispute. They are set out in the Memorandum of Points and Authorities submitted by Seton's counsel, and the court will briefly review them. Aemico, Inc.'s Maryland corporate charter was issued on October 28, 1983, on the application of Arnold E. Martin, its president and principal. On November 29, 1983, Seton made a commercial loan to Mr. Martin under District of Columbia law, and the note in question provided for acceleration in the event of transfer of the property. Nonetheless, without notice to Seton, Mr. Martin deeded the property to Aemico, Inc. Furthermore, the deed reflected nominal consideration of $1.00 and no open mortgages, the latter reference being false and probably an effort to avoid recording taxes.

The note matured on January 1, 1985, and Seton scheduled a foreclosure sale for March 5, 1985. After Mr. Martin received notice of the sale, he filed suit in the United States District Court for the District of

Columbia challenging the validity of the loan made to him based on alleged violations of the District of Columbia usury laws and the Federal Truth in Lending Act. On March 4, 1985, Mr. Martin also moved in the Circuit Court for Prince George's County for an injunction to delay the sale.

Following the filing of the motion for injunction, Seton agreed to call off the sale until resolution of the case pending in the District of Columbia. That case was dismissed by the District Court on May 4, 1985, and the foreclosure sale was rescheduled for June 24, 1985. On June 20, 1985, Mr. Martin sought an injunction barring the second sale. That foreclosure sale was postponed by Seton in reliance upon the representation made by Mr. Martin's counsel that refinancing had been obtained and that the settlement of the succeeding loan would occur within 30 days, and that if the closing did not take place within such time, foreclosure proceedings could be reinstituted. Mr. Martin solemnly promised not to seek an injunction in any other court.

Mr. Martin then supposedly filed a *pro se* "complaint" in the foreclosure action in Prince George's County seeking a 30-day extension of the foreclosure date. Seton responded to it only to find that the "complaint" had never been filed. Once again, Seton rescheduled the foreclosure sale, this time for August 19, 1985. Within a few minutes before this sale, Mr. Martin filed the instant Chapter 11 petition. It is clear beyond any doubt that the petition was filed to stop the third foreclosure sale. Based on debtor's conduct, the present motion to dismiss was filed relying upon *Furness v. Lilienfield*, 35 B.R. 1006 (D.C.Md. 1983), and *In re Victory Construction Co.*, 9 B.R. 549 (BC C.D.Cal.1981).

The court does not find the same sort of conduct that led the district court to dismiss the case in *Lilienfield*. That case involved a debtor's efforts to delay a district court trial where, upon the unmasking of the debtor's feigned illness, the debtor filed a Chapter 11 case. *Lilienfield* "brought forth little evidence of real debt and real creditors." 35 B.R. at 1013. The

debtor's actions led to the withdrawal of reference from the bankruptcy court and dismissal of the case by the district court.

The matter of bad faith was also addressed in *In re Corporation Deja Vu*, 34 B.R. 845 (B.C.Md.1983), where this court noted that,

> " 'Good faith' implies an honest intent and genuine desire on the part of the petitioner to use the statutory process to effect a plan of reorganization and not merely as a device to serve some sinister or unworthy purpose." *In re Metropolitan Realty Corporation*, 433 F.2d 676, 678 (5th Cir.1970); *accord, In re Business Finance Corporation*, 451 F.2d 829, 834 (3d Cir.1971). In order to establish the good faith requisite to confirmation, the petitioning debtor must show that there is a "reasonable probability or fair assurance of successful reorganization." *In re Holi-Penn, Inc.*, 535 F.2d 841, 844 (3d Cir.1976).

34 BR at 850.

As egregious as Mr. Martin's pre-filing conduct may have been in this case, it does not cross the line into a bad-faith filing. Unfortunately, it appears that it was Seton's reasonableness and patience which made possible the pre-filing course of events more so than Mr. Martin's deviousness. This court has seen many a Chapter 11 debtor which has staved off foreclosures before filing, but filing nevertheless loomed throughout the pre-filing events. In *Lilienfield*, by contrast, filing was as if an afterthought in circumstances not meant for it. The matter will return to the court very quickly on a motion to terminate the stay. Then the court will be free to consider debtor's actions before and after the filing of this Chapter 11 case.

An order will be entered in accordance with the foregoing.