**In re Meldon S. HOLLIS, Jr.**

**Civ. A. No. WN–92–2011.**
**Bankruptcy No. 92–5–2275–JS.**

United States District Court,
D. Maryland.

Jan. 26, 1993.
As Amended Feb. 2, 1993.

Alan M. Grochal, Robert A. Gordon, and Tydings & Rosenberg, Baltimore, MD, for appellant.

Ellen Costy, Baltimore, MD, Trustee.

## MEMORANDUM

NICKERSON, District Judge.

Currently pending before the Court is Appellant's bankruptcy appeal. Upon a review of the record and the applicable case law, the Court concludes that no hearing is necessary (Bankruptcy Rule 8012) and that the decision of the Bankruptcy Court should be reversed.[1]

## BACKGROUND

This case comes to the Court through an unfortunate series of misunderstandings between the debtor and the Bankruptcy Court. The debtor, Meldon S. Hollis, Jr., filed his first Chapter 13 bankruptcy petition on September 13, 1991. Hollis filed his plan on November 22, 1991, and submitted a modification of the plan on December 11, 1991. Under the original plan, Hollis would have been required to remit $1,200 per month to the Trustee. Under the amended plan, Hollis proposed to sell his home and satisfy his unsecured creditors through the equity in his home in excess of the balance owed to his secured creditors. The amended plan would have required payments of $500 per month to unsecured creditors after sale of the home. Unfortunately, due to an administrative error, the amended plan indicated that Hollis was to remit the same $1,200 per month payment that would have been required under the original plan. Hollis was unaware of this error and believed he was not obligated to make payments to the Trustee prior to the sale of his home according to the terms of his amended plan.

At the confirmation hearing, at which Hollis appeared pro se, Hollis learned of the error in the amended plan and was made aware for the first time of Local Bankruptcy Rule 23, now Rule 24 by virtue of amendments effective July 1, 1992. Pursuant to that rule, Hollis was required to deposit $300 with the Trustee because the amended plan proposed sale of real property. Because Hollis had not made any payments at all, his petition was dismissed with prejudice on February 6, 1992. When a petition is dismissed with prejudice, the debtor is barred from refiling for 180 days under 11 U.S.C. § 109. The order dismissing the petition stated as grounds for dismissal that Hollis failed to appear for the confirmation plan, failed to prosecute properly his case, and failed to make payments to the Trustee.

Hollis subsequently retained counsel, who believed that the dismissal should not have been with prejudice because Hollis had attended the hearing and had not violated any of the orders issued by the court with regard to the petition. As a result, counsel believed that Hollis was entitled to refile his petition before expiration of the 180 days. On March 26, 1992, less than two hours before the foreclosure sale of his home, Hollis refiled a voluntary petition under Chapter 13. The filing was delayed until the last minute because Hollis was scheduled to be deposed on March 25, 1992, in a state court matter in which he was a party. After the petition was filed, the Bankruptcy Judge entered a show cause order and scheduled a hearing to determine whether Hollis' second petition should be dismissed and Hollis found in contempt, given that the second petition was filed within 180 days of the previous dismissal with prejudice.

At the hearing on the show cause order, held April 21, 1992, Hollis' attorney requested that Hollis be permitted to testify. The Bankruptcy Judge refused the request. Transcript of Hearing, reproduced in the

---

1. This Memorandum originally was issued on January 26, 1993. It was amended for publica-    tion on February 2, 1993.

Appendix to Appellant's Brief ("Appendix"), at 51. The Judge acknowledged that Hollis had, in fact, attended the prior hearing. Nevertheless, he indicated that, because the Local Bankruptcy Rules had been implemented by two court orders, Hollis had violated court orders by failing to make payments under the amended plan pursuant to the Local Rules. Thus, the Bankruptcy Judge concluded that the first petition was properly dismissed with prejudice, and that Hollis was barred for 180 days from refiling. On this basis, the second petition also was dismissed with prejudice, and Hollis was found in civil contempt.

A Memorandum Opinion, dated June 1, 1992, followed the Bankruptcy Judge's bench ruling. In that opinion, the Judge indicated that Hollis' second petition was dismissed with prejudice not only for the reasons stated at the hearing, but also because it was filed in bad faith. This determination was made on the following grounds: (1) Hollis filed the second petition only weeks after his first petition was dismissed for failure to make payments; (2) Hollis did not produce evidence of changed circumstances; (3) Hollis filed the petition to prevent the foreclosure sale of his home, scheduled for the same day that the petition was filed, and to prevent a noticed deposition in an unrelated case;[2] and (4) the second petition did not offer the secured creditors anything more than they would have obtained at the foreclosure sale.

Hollis appeals on several grounds. He does not dispute that the first petition was properly dismissed for failure to make payments as required under the Local Bankruptcy Rules. He maintains, however, that the dismissal should not have been with prejudice because the Bankruptcy Judge did not find that Hollis had willfully disobeyed any court order or willfully failed to

appear for a hearing, as required under 11 U.S.C. § 109(g). Hollis also contends that he was deprived of due process because he was not given an opportunity to respond to the court's determination that the filing was in bad faith because the issue was not raised until the Memorandum Opinion, issued almost two months after the hearing. Furthermore, Hollis argues that the Bankruptcy Judge erred as a matter of fact and law in finding that the second petition was filed in bad faith.

ANALYSIS

This Court reviews the Bankruptcy Court's findings of fact under the clearly erroneous standard. Bankruptcy Rule 8013. The conclusions of law are reviewed *de novo. Quattrone Accountants, Inc. v. IRS,* 895 F.2d 921, 924 (3d Cir.1990). The question of the requirements of 11 U.S.C. § 109(g), barring refiling for 180 days after dismissal of a petition, is a question of law. The findings supporting dismissal with prejudice are factual determinations that must be upheld unless clearly erroneous. In addition, the Court must "review the bankruptcy court's ultimate finding that the filing was not in good faith as one of fact subject to the clearly erroneous standard." *Carolin Corp. v. Miller,* 886 F.2d 693, 702 (4th Cir.1989).

A. *The 180 Day Bar Under 11 U.S.C. § 109(g)*

According to 11 U.S.C. § 349,[3] dismissal of a bankruptcy petition is without prejudice, except as provided in section 109(g). Section 109(g)(1) provides for dismissal with prejudice when "the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case...." Hollis argues that dismissal of his first petition with prej-

---

**2.** This appears to be an additional misunderstanding between Hollis and the Bankruptcy Court, as the record reflects that Hollis actually did attend the deposition as scheduled.

**3.** The text of that provision is as follows:
(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title

does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section [109(g)] of this title.

udice was in error because he did not violate the types of court orders contemplated by section 109, and even if he had, the Bankruptcy Judge did not make a specific finding that Hollis' actions were willful. The standard for dismissing a petition with prejudice appears to be an issue of first impression in this district. After reviewing decisions from other districts, however, the Court finds Hollis' arguments persuasive.

■ The Bankruptcy Court based its ruling on the finding that Hollis had disobeyed court orders.[4] Hollis, through ignorance, failed to comply with the Local Bankruptcy Rules by not making the required $300 payment under his amended plan. The rules were implemented pursuant to orders issued by the District Court and the Bankruptcy Court. Thus, the Bankruptcy Judge concluded that failure to follow the rules constituted violation of court orders. The Court does not agree with this conclusion. As Hollis notes in his brief, those orders do not require him to engage in, or refrain from, any conduct, but rather, "reflect the formal enactment of the local rules of procedure." Brief at 21; *see also In re Surace*, 52 B.R. 868, 13 C.B.C.2d 685, 687 (Bankr.C.D.Cal.1985) (debtor had not willfully disregarded court orders by failing to file a Chapter 13 statement or plan because "no orders were made ... requiring the debtor to do anything.") Taken to its logical extreme, this argument would subject any debtor who violates any Bankruptcy Rule to the 180–day bar to refiling. This does not appear to be in keeping with the purpose of section 109, which is "an extraordinary statutory remedy for perceived abuses of the Code." *Surace*, 52 B.R. at 871, 13 C.B.C.2d at 688; *accord, In re Chmura*, 63 B.R. 12, 15

C.B.C.2d 769, 770 (Bankr.D.N.J.1986) (the purpose of 11 U.S.C. § 109(g) is to curb abuses of the bankruptcy code attributed to repeated filings).

■ Furthermore, section 109 specifically requires *willful* disregard of court orders for the bar to apply. Nothing in the record before the Court indicates that Hollis acted in a willful—meaning "intentional, knowing, and voluntary"—manner when he violated the Local Rule. *Surace*, 52 B.R. at 870, 13 C.B.C.2d at 688 (citation omitted). Because dismissal with prejudice is an extraordinary remedy, the Court determines that it must be supported by a specific finding of willfulness. In reaching this conclusion, the Court is persuaded by the reasoning in *In re Arena*, 81 B.R. 851 (Bankr.E.D.Pa.1988). *In re Arena* concerned a truck driver who "probably" was on the road on the date of a creditor meeting for which he failed to appear, and who never received notice of a hearing on a motion to dismiss because his estranged wife discarded his mail. *Id.* at 854. The court determined that he was not guilty of willful misconduct under section 109. In so holding, the court held that section 109(g) requires a specific finding of willfulness and articulated three criteria for making that finding: (1) the debtor's admission of willful conduct; (2) the debtor's lack of credibility in denying willful conduct; or (3) adverse inferences drawn from the circumstances that indicate that repeated filings were intended as an abuse of the Bankruptcy Code. *Id.* at 853. In this case, the Bankruptcy Court did not make a specific finding of willfulness. Without such a finding, the Court determines that Hollis' first petition was not properly dismissed with prejudice.[5] *See also, In re Pretzer*, 96

---

**4.** It is undisputed that Hollis was present at the confirmation hearing for his first plan, and that the Bankruptcy Court's order in this regard was incorrect.

**5.** If the Court had concluded that violation of the implementation orders constituted the type of conduct justifying dismissal with prejudice under section 109(g), the Court could have remand the case for the Bankruptcy Court to make specific findings of willfulness. This is not necessary for two reasons. First, as noted above, the Court determines that Hollis did not

violate the types of orders contemplated by section 109. Second, the record could not support a specific finding of wilfulness under the standard enunciated in *In re Arena*. Hollis has not admitted any willful misconduct, and his credibility could not have been assessed by the Bankruptcy Court because he was not permitted to testify. In addition, the only inference this Court can draw from the circumstances of this case is that Hollis acted negligently, not wilfully, in violating the Local Rules. Thus, any fac-

B.R. 790, 792 (Bankr.N.D. Ohio 1989) (for dismissal with prejudice, "a finding of willfulness is a prerequisite"); *In re Dodge*, 86 B.R. 535, 537 (Bankr.S.D. Ohio 1988) ("a finding of willfulness would be a prerequisite to support dismissal" under section 109(g)(1)); *Surace*, 52 B.R. at 871, 13 C.B.C.2d at 688 (inference of willfulness insufficient for dismissal pursuant to 11 U.S.C. § 109(g)(1); a specific finding of willfulness is required).

Because the first petition should not have been dismissed with prejudice, Hollis should have been permitted to pursue his second petition. Accordingly, his second petition should not have been dismissed with prejudice and he should not have been found in civil contempt. The Bankruptcy Court's ruling in this regard is reversed.

### B. *Bad Faith Dismissal of the Second Petition*

The Bankruptcy Judge also determined in his Memorandum Opinion that even if the second petition was not subject to the 180–day bar, bad faith on Hollis' part required dismissal of the second petition. Hollis argues that this finding is incorrect. This Court agrees.[6]

In *Carolin Corp. v. Miller*, the Fourth Circuit determined that a bankruptcy petition can only be dismissed for bad faith if there is a showing of objective *and* subjective bad faith on the part of the debtor. 886 F.2d 693, 700–01 (4th Cir.1989). Objective bad faith is demonstrated through the futility of the reorganization plan. Subjective bad faith refers to the debtor's improper motive in filing the petition. *Id.* at 701. Both elements must be present to support dismissal for bad faith. *Id.* at 700–01.

The Bankruptcy Judge appeared to base his finding of subjective bad faith on the fact "that the second petition was filed to stop a foreclosure sale scheduled for the next day and to prevent a scheduled deposition of the debtor from being taken in an unrelated civil case in which the debtor is a defendant." Memorandum Opinion, Appendix at 97–98. With regard to the latter basis, the record reflects that Hollis did attend the deposition. Transcript of Hearing, Appendix at 38–39. Accordingly, this finding is clearly erroneous.

▬ With regard to the first basis, the timing of the petition, this also does not support a finding of subjective bad faith in this case. According to *In re Aemico, Inc.*, 54 B.R. 546, 547 (Bankr.D.Md.1985), filing a petition immediately prior to foreclosure does not necessarily constitute bad faith. In that case, the debtor filed three motions in state and federal court to prevent a foreclosure sale. When those measures failed, he filed a Chapter 11 petition only minutes before the sale. *Id.* The court found that filing the petition immediately prior to the sale, while egregious, did not "cross the line into bad faith", even in light of the debtors' prior efforts to avoid foreclosure, because the debtor was not trying to use the statutory process for an improper purpose. *Id.* The court specifically distinguished *Furness v. Lilienfield*, 35 B.R. 1006 (D.C.Md.1983), upon which the Bankruptcy Judge relied in his opinion. *Furness* involved an individual who feigned illness to avoid a district court proceeding, and when the charade was discovered, filed a bankruptcy petition to delay the proceeding, even though there was no evidence of real debt or creditors. *Aemico*, 54 B.R. at 547. Hollis' case appears to be the exact opposite—the reason his second petition was delayed was because he had to participate in a deposition. Bankruptcy was not used to delay court proceedings, but rather, court proceedings caused the delay in filing the bankruptcy petition. In light of these considerations, the Court concludes that the Bankruptcy Court's finding of subjective bad faith is clearly erroneous. Accordingly, the alternative grounds for dismissing Hollis' second petition also are reversed.[7]

tual finding of willfulness based on the record in this case would be clearly erroneous.

6. Because the Court determines that the second petition was not filed in bad faith, it does not rule on Hollis' due process arguments.

7. Although the Bankruptcy Judge did not indi-

## CONCLUSION

For the foregoing reasons, the opinion of the Bankruptcy Court is reversed.

cate which of his findings concerned objective bad faith and which concerned subjective bad faith, the remaining findings appear to be more concerned with the futility of the plan, rather than Hollis' subjective motivations. Because subjective bad faith is lacking, however, the Court does not reach the question of objective futility, because bad faith dismissal must be supported by both findings.