**In re John A. McCOY, Debtor.**

**Bankruptcy No. 99–53989.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Aug. 5, 1999.

John A. McCoy, Dublin, OH, pro se.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

Alexander G. Barkan, Columbus, OH, Assistant United States Trustee.

## MEMORANDUM OPINION AND ORDER

CHARLES M. CALDWELL, Bankruptcy Judge.

This Memorandum Opinion and Order constitutes the Court's ruling on an Order to Show Cause that involves a serial filer who has abused the bankruptcy process by failing to prosecute seven of his eight chapters 7 and 13 filings during the last eight years. Based upon the egregious behavior of John A. McCoy and/or John A. McCoy, Jr. ("Debtor"), the Court has determined that extraordinary measures such as barring the Debtor from all future filings, permanently excluding certain debts from discharge and monetary sanctions are necessary to preserve the integrity of the bankruptcy process and to protect creditors. To ensure understanding of the Court's action and to ensure that the Debtor appreciates the significance of his actions, a discussion of the background of the bankruptcy cases is necessary.

### THE FIRST FILING (CHAPTER 7)

The Debtor first entered the bankruptcy system on November 21, 1991, when a *pro se* voluntary chapter 7 petition (91–08875) was filed under the name of John A. McCoy, Jr. SSN 297–48–0953. In this case, the requisite schedules and statement of financial affairs were filed, a creditors' meeting was concluded, the trustee filed a no asset report on January 9, 1992, a discharge was entered on May 1, 1992, and the case was closed by order entered on June 1, 1992.

### THE SECOND FILING (CHAPTER 13)

On November 13, 1992, approximately five months after the closing of the first case, a second *pro se* bankruptcy case (92–08311) was filed under the name of John A. McCoy, SSN 290–08–9439. This was the first chapter 13 filed by the Debtor, and in this case a different social security number was used. No schedules and statement of affairs and plan were filed, and the Debtor failed to attend the creditors' meeting. On January 28, 1993, the Court entered an Order of Dismissal, and the case was closed by order entered on April 22, 1993.

### THE THIRD FILING (CHAPTER 13)

On June 10, 1993, approximately two months subsequent to the closing of the second bankruptcy case, a third *pro se* filing (93–53734) was commenced under the name of John A. McCoy, SSN 290–08–9439. In this case, filed under chapter 13, no schedules and statement of affairs and plan were filed, and the Debtor failed to attend the creditors' meeting. On August 20, 1993, the Court entered an Order of Dismissal, and the case was closed by order entered on June 21, 1994.

### THE FOURTH FILING (CHAPTER 13)

Approximately seven months after dismissal of the third bankruptcy case, a fourth *pro se* case (94–51145) was filed on March 3, 1994, under the names of John A. McCoy, SSN 290–08–9439, and John A. McCoy, Jr., SSN 297–48–0953. In this case filed under chapter 13, no schedules and statement of affairs and plan were filed, and no one attended the creditors' meeting. An Order of Dismissal With Prejudice was entered on May 11, 1994. This Order prohibited the commencement of another bankruptcy filing for a period of six months, and the case was closed by order entered July 28, 1994.

### THE FIFTH FILING (CHAPTER 13)

On May 20, 1994, approximately nine days after and in violation of the entry of the Order of Dismissal with Prejudice in the fourth filing, a fifth *pro se* bankruptcy case (94–52893) was commenced under the name of John A. McCoy, Jr., SSN 297–48–0953. In this case, no schedules and state-

ment of affairs and plan were filed, and the Debtor failed to attend the creditors' meeting. A second Order of Dismissal With Prejudice was entered on August 11, 1994, and the case was closed by order entered on November 16, 1994.

### THE SIXTH FILING (CHAPTER 13)

On December 1, 1994, approximately four months after and in violation of the prior orders dismissing the fourth and fifth cases with prejudice, a sixth *pro se* bankruptcy case (94–56894) was filed. No schedules, statement of affairs and plan were filed, and the Debtor failed to attend the creditors' meeting. This case was commenced under chapter 13 under the name of John A. McCoy, SSN 297–48–0953, and on January 4, 1995, the Standing Chapter 13 Trustee filed a Motion to Dismiss Case With Prejudice based upon the prior filing history, prior dismissals with prejudice, and the lack of schedules, statement of affairs and plan.

On January 25, 1995, a Motion to Dismiss and Objection to Confirmation of Plan was filed by Union Federal Savings Bank. In this pleading, Union Federal describes five foreclosure sales that were canceled by the commencement of the above-captioned bankruptcy filings, and describes that in the first foreclosure case, the Debtor through a corporation successfully bid on the property but failed to complete the transaction. Union Federal stated that the title to the property was held by John A. McCoy, SSN 290–08–9439, until his death on August 25, 1993, and subsequently John A. McCoy, Jr., SSN 297–48–0953, acquired the property in which he originally held only a leasehold interest. Union Federal's frustration is well expressed in its Motion and in relevant part states:

It is difficult to imagine a set of facts that would display a greater lack of good faith and greater abuse of the spirit of the Bankruptcy Code. The glaring and obvious goal of the debtor(s) was to defeat this secured creditor's rights to liquidate its judgment debt in a scheduled

Sheriff Sale and, therefore, retain ownership and possession of the real estate, without paying the consideration owed this creditor....(The) Debtor has utilized the Bankruptcy Court to prevent foreclosure for a period of three years and eight months. On the date of the first sale, August 24, 1992, the indebtedness was $107,565.45. On the date of the last scheduled sale, December 2, 1994, the Plaintiff's indebtedness had exploded to $146,051.25. The value of the property, as appraised by the Franklin County Sheriff's Office, is $90,-000....No payments have been made on this loan since October 1990, a period of 51 months. There can be no question that the Bankruptcy petitions ... were proffered in bad faith and violate the purpose and spirit of the Bankruptcy Code.

On February 6, 1995, a confirmation hearing was convened; however, the Debtor failed to attend. Based upon the history of the cases and the pleadings filed, the Court determined at the confirmation hearing that this case should be dismissed with prejudice, and on February 10, 1995, another dismissal with prejudice order was entered. The case was closed by order entered on February 1, 1996.

### THE SEVENTH BANKRUPTCY FILING (CHAPTER 13)

Approximately fifteen months after the dismissal with prejudice of the sixth bankruptcy filing, a seventh *pro se* case (96–53428) was filed under the name of John McCoy, aka John A. McCoy, Jr., SSN 297–48–0953. This case was filed under chapter 13 without schedules and a statement of affairs and a plan, and the Debtor failed to attend the creditors' meeting. An Order of Dismissal With Prejudice was entered on July 29, 1996, and the case was closed by order entered on June 30, 1997.

### THE EIGHTH BANKRUPTCY FILING (CHAPTER 13)

On April 30, 1999, approximately three years after the dismissal with prejudice of

the seventh bankruptcy filing, an eighth *pro se* case was filed under the name of John A. McCoy, SSN 297–48–0953. This case was filed under chapter 13 with no schedules and statement of affairs and plan, and the Debtor failed to attend the creditors' meeting. On May 27, 1999, the Court entered an Order to Show Cause that in relevant part provided:

> A review of the files indicates that of all of the filings, only the first case (91–08875), that was commenced under chapter 7, was completed. All of the other cases were commenced under chapter 13, without schedules and plans and without any attendance at creditors' meetings, and all but two of the chapter 13 cases were dismissed with prejudice. It appears that different names and social security numbers are used by the Debtor. All of these cases were commenced without counsel. Accordingly, on June 21, 1999, at 10:00 a.m., in Courtroom B, 5th floor, 170 North High Street, Columbus, Ohio, the Debtor is ORDERED to appear before the Court and show cause why this Court should not enter an order barring any future filings pursuant to section 105 of the United States Bankruptcy Code, why he should not be sanctioned pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, and why debts should not be barred from discharge in subsequently filed cases pursuant to section 349 of the United States Bankruptcy Code. Because of the serious nature of the consequences of the hearing on the Order to Show Cause, the Debtor may wish to consult the Columbus Bar Association Lawyer Referral Service in an effort to obtain counsel; however, no continuance will be granted based upon the lack of counsel.

The Debtor never filed a response to the Order to Show Cause, and he failed to attend the June 21, 1999, hearing.

■ All bankruptcy filings must be in good faith. *In re Studio Five Clothing Stores, Inc.*, 192 B.R. 998, 1006–08 (Bankr. C.D.Cal.1996). Multiple filings are not *per se* prohibited; however, a debtor's history of filing and dismissals may be evidence of a bad-faith filing. *Id.* at 1007. Debtors act in good faith where they have complied with their statutory duties by appearing at the meeting of creditors, and by filing the schedules, statement of financial affairs and plans. 11 U.S.C. §§ 343, 521; Fed. R.Bankr.P. 1006, 1007.

■ In order to prevent abuse of the bankruptcy process by bad-faith filings, courts have the authority to dismiss bankruptcy cases, enjoin future filings, and impose sanctions under sections 105(a) and 109(g)(1), and permanently bar discharge of specific debts or a class of debts under section 349(a). *In re Cooper*, 153 B.R. 898 (D.Colo.1993), *aff'd*, 13 F.3d 404, 1993 WL 523197 (10th Cir.1993); *In re Jones*, 41 B.R. 263, 267 (Bankr.C.D.Cal.1984); *In re Leavitt*, 209 B.R. 935, 941–43 (9th Cir. BAP 1997), *aff'd*, 171 F.3d 1219 (9th Cir. 1999). Based upon Fed.R.Bankr.P. 9011(a), courts are required to impose monetary sanctions on a debtor who has filed a petition for an improper purpose, which includes bad-faith filings. *In re Jones*, 41 B.R. at 267; *In re Geller*, 96 B.R. 564, 568–69 (Bankr.E.D.Pa.1989). An indefinite bar from filing a bankruptcy petition within the United States at any time in the future has been imposed where debtors have flagrantly abused the bankruptcy process by failing to appear at the meeting of creditors, failing to accurately and completely execute their schedules and statement of financial affairs, by failing to list prior bankruptcy filings, and by altering their names and social security numbers. *In re Millers*, 90 B.R. 567, 568 (Bankr.S.D.Fla.1988).

■ The Debtor has filed eight *pro se* chapters 7 and 13 petitions over an eight-year period. The Debtor has only fully prosecuted one of the bankruptcy filings, and in all others has failed to file the requisite schedules, statements of affairs and plan, and has failed to attend credi-

tors' meetings. The Debtor has filed subsequent bankruptcy cases in violation of orders precluding filings for a period of six months. . The Court concludes the Debtor has availed himself of the equitable benefits provided by the Bankruptcy Code through multiple filings while ignoring his statutory duties, by failing to file requisite schedules, statements of affairs and plans, and by failing to submit to an examination under oath at the meeting of creditors. The Debtor has failed to accurately disclose his prior bankruptcy filings, and has used different names and social security numbers. This behavior appears to be motivated by a desire to delay foreclosure and other collection efforts of his creditors. The reprehensible conduct of the Debtor is indicative of his attempt to proceed without good faith and his continuous effort to abuse the bankruptcy process. Obviously, he has not been deterred from his abusive filing where this Court has repeatedly restricted the ability to file another case. The Court is convinced, absent extraordinary measures, that the Debtor will continue to compromise the bankruptcy process.

In order to prevent future harm to creditors and to preserve the integrity of the bankruptcy process, it is **ORDERED** that the instant case be **DISMISSED WITH PREJUDICE** and the Debtor John A. McCoy and/or John A. McCoy, Jr. is **ENJOINED** from filing a bankruptcy petition, individually and/or jointly, anywhere in the United States, at any time in the future.

It is further **ORDERED** that the debts involved in the present filing are **PERMANENTLY EXCLUDED FROM DISCHARGE.**

It is further **ORDERED** that the Debtor John A. McCoy and/or John A. McCoy, Jr. is **SANCTIONED** pursuant to Fed. R.Bankr.P. 9011(a) and is required to pay the sum of $1,000.00 to the United States Treasury.

**IT IS SO ORDERED.**